

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| **GREGORIO B VILLARREAL; dba** | § | **CASE NO: 08-70002** |
| **GREG'S BALLROOM; aka GREG** | § | |
| **VILLARREAL,** *et al* | § | |
|     **Debtor(s)** | § | |
| | § | **CHAPTER  13** |
| | § | |
| **GREGORIO B VILLARREAL; aka GREG** | § | |
| **VILLARREAL; dba GREG'S** | § | |
| **BALLROOM,** *et al* | § | |
|     **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 08-7001** |
| | § | |
| **DAVID W SHOWALTER,** *et al* | § | |
|     **Defendant(s)** | § | |

### MEMORANDUM OPINION DENYING REMAND

For the reasons set forth below, the Defendant's motion to remand is denied.  The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334.  This is a core matter under 28 U.S.C. § 157.

### *Facts*

On November 6, 2007, Defendant foreclosed on Debtors' property known as "Greg's Ballroom".  Immediately thereafter, Debtors filed a suit for wrongful foreclosure in the 93rd Judicial District Court of Hidalgo County, Texas.  Debtors also requested the Court enter a temporary restraining order restraining Defendant from entering the property.  On December 19, 2007, the Hidalgo County Court granted the TRO.  A temporary injunction hearing was held on January 2, 2008.  The hearing was continued until January 4, 2008.  Debtors filed bankruptcy on January 4, 2008, prior to the continued hearing.

1

Debtors timely removed the State Court suit to this Court. They amended their complaint to seek avoidance of the foreclosure sale under 11 U.S.C. §§ 547 and 548 and to request that this Court issue a declaratory judgment declaring the property as their homestead. The property is listed on Debtors' bankruptcy schedules as exempt, homestead property. On January 23, 2008, Defendants filed a motion to remand. A hearing was held on the motion to remand on February 25, 2008.

### Subject Matter Jurisdiction of Bankruptcy Courts

Congress conferred authority to bankruptcy judges through two sections of title 28 of the United States Code: (1) § 1334 which grants subject matter jurisdiction to district courts of all "civil proceedings arising under title 11, or arising in or related to cases under title 11"; and (2) § 157 which allows district courts to refer cases under title 11 or related to cases under title 11 to bankruptcy judges. 28 U.S.C. § 1334(b); 28 U.S.C § 157(a). Procedurally, once the court has determined a suit falls under title 11, subject matter jurisdiction vests with the district courts. Bankruptcy judges then have authority by automatic reference under 28 U.S.C. § 157.

Under § 1334, "arising under title 11" has been defined to include "proceedings that involve a cause of action created or determined by a statutory provision of title 11." *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987) (citing 1 COLLIER ON BANKRUPTCY ¶ 3.01 at 3-23 (1987)). The House Report leading to the 1978 Amendments specifies that the legislature intended for "arising under" to encompass the ability of the bankruptcy courts to "hear any matter under which a claim is made under a provision of title 11." 1 RICHARD F. BROUDE ET AL, COLLIER ON BANKRUPTCY ¶ 3.01[4][c][i] (15th ed. 2006) (citing H.R. REP. NO. 595 (1977)).

"Arising in" has been described as "a reference to those 'administrative' matters that arise *only* in bankruptcy cases." *In re Wood*, 825 F.2d at 96-97. Such proceedings are "those

that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.*

A matter is "related to" a case under title 11 if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). Even when there is a possibility a suit may ultimately have no effect on the estate, this possibility is not enough to conclude there would be no *conceivable* effect. *Id.* "Certainty or even likelihood of such an effect is not a requirement." *Arnold*, 278 F.3d at 434 (citing *In re Canion*, 196 F.3d 579, 858 (5th Cir. 1999).

Once subject matter jurisdiction vests with the district court, bankruptcy judges then have authority by reference under 28 U.S.C. § 157. Section 157 states that each district court may provide that "proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges." 28 U.S.C. § 157(a).

The statute distinguishes between cases directly under or arising under title 11 and cases which are only "related to" a case under title 11. *Id.* at § 157(c); *Wood*, 825 F.2d at 95. A case which is arising under or arising in a case under title 11 is a core proceeding. 28 U.S.C. § 157(b); *Wood*, 825 F.2d at 97 (a "proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). The statute provides a nonexclusive list of sixteen matters considered "core." 28 U.S.C. § 157(b)(2)(A) - (P). A matter is considered non-core if it is "related to" a case under title 11. *Id.* at § 157(c)(1).

For core proceedings, bankruptcy judges may enter "appropriate orders and judgments." *Id.* at § 157(b). For non-core proceedings, a bankruptcy judge's power is limited under §

157(c)(1) to submitting "proposed findings of fact and conclusions of law to the district court." *Id.* at § 157(c)(1).  The district court reviews these findings of fact and conclusions of law and enters any final judgments or orders unless the parties consent to a final determination by the bankruptcy judge.  *Id.*  The bankruptcy court, therefore, has a duty to determine whether or not this proceeding is core or non-core.  *See Id.* at § 157(c)(3).

When evaluating core versus non-core, the Court is much more limited to looking at the direct effect on the estate than it is in evaluating "related-to."   The statute provides a nonexclusive list of sixteen matters considered "core." 28 U.S.C. § 157(b)(2)(A) - (P).  The Fifth Circuit has held a "proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  *Wood* 825 F.2d. at 97.  However, if the "related to" jurisdiction arises based entirely on State law, 1334(c)(2), requires, upon motion by a party, mandatory abstention by the district courts if "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2).

### *Motion to Remand*

Defendant's motion to remand first requests the Court remand this proceeding to State Court based on principles of mandatory abstention.[1]  Section 1334(c)(2), specifically, provides that:

---

[1] The motion is unclear as to whether it is requesting remand on a mandatory basis as well as an equitable basis. However, the allegations as to the nature of the claims asserted by the Plaintiffs are those which would be stated in a motion for mandatory abstention.  The Fifth Circuit has held that courts may look to the substance of pleadings rather than the labels stated in pleadings in determining what relief the movant seeks.  *See Armstrong v. Capshaw, Goss & Bowers,* 404 F.3d 933, 936 (5th Cir. 2005) (noting district courts must determine the true nature of a pleading by its substance, rather than its labels and stating because movant's "motion to amend his complaint sought to justify his status as an intervenor in federal court, the district court properly treated it as a motion for leave to intervene.") (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label'") (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963)).  The Court in *Edwards* looked to the substance of the plaintiffs' motion filed under the heading of "Objection to Order of

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

*Id.* The Eastern District of Louisiana has parsed this statute into a four part test for determining when a district court must abstain from hearing state law claims: "(1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court." *Patterson v. Morris*, 337 B.R. 82, 92 (E.D. La. 2006) (citing *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997)); *See In re Terra*, 100 F.3d 1195, 1206 (5th Cir. 1996). Requirements one, three and four have been met. The second requirement requires further examination.

### *Determination of the Core Status of § 548 Claim*

Sections 547 and 548 of the Bankruptcy Code allow debtors to avoid certain transfers of property. Title 28 U.S.C. § 157 specifically provides that §§ 547 and 548 claims are core. This is stated in 157(b)(2)(F) providing that core claims include "proceedings to determine, avoid, or recover preferences" and § 157(b)(2)(H) stating core claims include "proceedings to determine, avoid or recover fraudulent conveyances." 11 U.S.C. §§ 547(b)(2)(F) and (H).

To maintain these claims, however, Debtors' amended complaint must meet the pleading requirements of Federal Rule of Civil Procedure 8, incorporated into bankruptcy proceedings

---

Dismissal" and considered the motion as either a motion to alter or amend the judgment or a motion for relief from the judgment. *Edwards*, 78 F.3d at 995. Similarly, the Fifth Circuit has ruled that a "motion for reconsideration," which is not recognized under the Federal Rules, was properly treated as a motion to alter or amend or a motion for relief from judgment. *Lavespere v. Niagara Mach. & Tool Works, Inc*, 910 F.2d 167, 173 (5th Cir. 1990). While the foregoing deals with titling pleadings, the Court finds the same principle applicable to the Defendant's motion and considers the motion as one for mandatory abstention as well as for equitable remand.

through Federal Rule of Bankruptcy Procedure 7008.  The Court will not permit debtors to simply state a frivolous core claim to prevent remand.

Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]"  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  In consideration of this standard and the strength a complaint needs to survive a 12(b)(6) motion, the Court in *Twombly* stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g*., *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Id.* (footnote omitted).  In the context of this motion to remand and a consideration of whether the claims asserted in the amended complaint are core, the Court will consider the allegations made related to the §§ 547 and 548 claims.

As to the § 548 claim, to prevail on such a claim when it derives from a foreclosure sale, the debtor faces unique challenges.  In this proceeding, the first requirement to establish the § 548 claim is that Debtors "received less than a reasonably equivalent value in exchange for [a]

transfer or obligation." 11 U.S.C. § 548(a)(1)(B)(i) (2008).   In *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994), the Supreme Court determined that "reasonably equivalent value" was presumptively established as "the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with." *Id.* at 545.  Accordingly, to maintain a § 548 claim, *bona fide* allegations that Defendant did not comply with Texas foreclosure law must be set forth in the complaint along with allegations to satisfy § 548.  If such allegations are present, this proceeding is "core" and not subject to mandatory abstention.

### *Wrongful Foreclosure under Texas Law*

Under Texas common law, a debtor may recover for wrongful foreclosure if "a 'defect' or 'irregularity' occurs in the foreclosure process which deters third parties from bidding…" *First State Bank v. Keilman*, 851 S.W.2d 914, 921 (Tex.App.-Austin 1993, pet. denied) (citing *Pentad Joint Venture v. First Nat'l Bank*, 797 S.W.2d 92, 96 (Tex.App-Austin 1990, writ denied)).  The Bankruptcy Court for the Northern District of Texas, in *In re Keener,* summarized the requirements for a party to succeed on a claim of wrongful foreclosure:

> The Texas Supreme Court has held that, in order for a finding of wrongful foreclosure, "[t]here must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price." *American Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex.1975). The Texas cases that address this issue all require "irregularities in the foreclosure sale" that result in a grossly inadequate price. *Wieler,* 887 S.W.2d at 155. In addition, the party attacking the sale must plead and prove any irregularities that rendered the sale invalid. *See Bonilla v. Roberson,* 918 S.W.2d 17, 22 (Tex.App.-Corpus Christi 1996, no writ). "Evidence showing that a better price would have resulted if the sale was conducted in a different manner is required." *Hunt,* 756 S.W.2d at 764; *Bellah v. First Nat'l Bank of Hereford,* 474 S.W.2d 785, 788 (Tex.Civ.App.-Eastland 1971, writ ref'd n.r.e.).

*In re Keener v. First State Bank of Stratford*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citations omitted).  In short, the Plaintiff must show an irregularity in the foreclosure sale as a

prerequisite to any recovery for wrongful foreclosure.  That irregularity must contribute to an inadequate price.

A sale of real property under a contract lien must be conducted in accordance with the Texas Property Code § 51.002.  If the property is the debtor's homestead, § 51.002 provides that additional requirements must be met in noticing the foreclosure sale than those provided for foreclosure on non-homestead property.  *See* TEX. PROP. CODE § 51.002(d)

Debtors allege that the amount the property sold for at the foreclosure sale was grossly inadequate.   Specifically, Debtors assert the property was encumbered by approximately $650,000, sold for $70,000 to Defendant, but is valued at more than $4 million.  Also, Debtors have asserted in their bankruptcy schedules that this property is their homestead.  Defendant has objected to the homestead designation.

Debtors have alleged three irregularities in its Amended Complaint leading "to a grossly inadequate price at the foreclosure":

> 1. The notice of the sale does not track the language set by the Commissioner's Court of Hidalgo County, Texas.

> 2. The initial letter (notice of Intention to Accelerate) dated September 6, 2007 requests payment of additional $600.00 for attorney's fees which has no basis in the initial settlement agreement between Plaintiffs and Defendant thus making this letter defective.

> 3. The notice of acceleration which is a letter dated September 20, 2007 does not provide an exact amount which needs to be paid by Plaintiffs to Defendant and was not mailed to each Plaintiff as required by law and thus does not constitute an acceleration letter.

Am. Cmpl. at ¶ 11.  Otherwise, the Amended Complaint is quite sparse.  Part of the record before the Court, however, is the transcript and admitted exhibits from the Temporary Injunction hearing held on January 2, 2008, in Hidalgo County Court.  After reviewing the transcript from

the Temporary Injunction hearing, the Court questions the substance of the allegations in the Amended Complaint as to irregularities in the foreclosure sale.

However, Debtors have raised an additional issue regarding the homestead nature of the property. Debtors assert that the property is now, and was at the time of foreclosure, their homestead. In foreclosing on Debtors' property, however, Defendant did not follow the procedures required for foreclosing on homestead property.

For purposes of ruling on a motion to remand, the Court is to accept the facts pled in the complaint as true. *Clark v. Beneficial Mississippi, Inc.*, 280 F. Supp. 570, 573 (S.D. Miss. 2003) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163-64 (5th Cir. 1988). The Court finds that *bona fide* questions exist as to the alleged homestead nature of the property and the subsequent effects the alleged homestead character has on the propriety of the foreclosure sale. Therefore, while the facts are sparse, the allegations of the homestead nature of the property are enough to put Defendant on "fair notice" of this issue. The Court finds the § 548 claims meets the standards of Rule 8 and is a core claim under 11 U.S.C. § 157(b)(2)(H). Accordingly, this case is not subject to mandatory abstention.

### *Determination of the Core Status of the § 547 Claim*

The Court's finding that the § 548 claim is core mandates denial of a motion for mandatory abstention. However, to evaluate discretionary abstention, the Court reviews whether the § 547 claim survives a Rule 8 pleading requirement and is, therefore, also core. Section 547(b), in relevant part, requires that a transfer of an interest of the debtor in property may be avoided if it was made:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;

9

(4) made
  (A) on or within 90 days before the date of the filing of the petition; [and]
        …
(5) that enables such creditor to receive more than such creditor would receive if—
  (A) the case were a case under chapter 7 of this title;
  (B) the transfer had not been made; and
  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).  Debtors have asserted that a transfer was made on November 6, 2007, to the

benefit of Showalter on account of a promissory note.  Until proven otherwise, these allegations

satisfy pleading requirements for factors one, two and four.  Debtors have also asserted that

Showalter received property valued at $4 million, encumbered by approximately $650,000, for

$70,000.  These facts initially satisfy pleading requirements for the fifth prong.  Debtors have

made a bare assertion that at the time of foreclosure, Debtors were insolvent.  At this stage,

Debtors need only plead enough facts to "give the defendant fair notice of what the ... claim is

and the grounds upon which it rests[.]"  *Twombly*, 127 S. Ct. at 1964 (2007) (quoting *Conley,*

355 U.S. at 47).  The Court finds that Defendant is on notice of the § 547 issues.  The Court finds

Debtors met their Rule 8 requirement as to the § 547 claim.  The § 547 claim is core.

### *Discretionary Abstention*

The doctrine of equitable remand grants the Court broad discretion to refrain from

hearing both core and non-core proceedings involving state law claims.  Under 28 U.S.C. §

1334(c)(1) the court has "broad discretion to abstain from hearing state law claims whenever

appropriate in the interest of justice, or in the interest of comity with State courts or respect for

State law."  *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996).  Courts have developed a list of

nonexclusive factors to consider in determining whether discretionary abstention is appropriate,

including:

(1)   the effect or lack thereof on the efficient administration of the estate;
(2)   extent to which state law issues predominate over bankruptcy issues;
(3)   difficult or unsettled nature of applicable law;
(4)   presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
(5)   jurisdictional basis, if any, other than § 1334;
(6)   degree of relatedness or remoteness of proceeding to main bankruptcy case;
(7)   the substance rather than the form of an asserted core proceeding;
(8)   the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9)   the burden of the bankruptcy court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of nondebtor parties;
(13) comity; and
(14) the possibility of prejudice to other parties in the action.

*J.T. Thorpe Co. v. Am. Motorists*, 2003 U.S. Dist. LEXIS 26016 (S.D. Tex. June 6, 2003) (citing

*Beasley v. Pers. Fin. Corp.*, 279 B.R. 523, 533 (S.D. Miss. 2002)).  *See also In re Encompass*

*Servs. Corp.*, 337 B.R. 864, 878 (Bankr. S.D. Tex. 2006).   Defendant argues for equitable

remand under the theory that this case involves predominantly state law causes of action and that

because the state court has already devoted time to this case, it would be "a significant waste of

judicial resources, would delay a resolution of this case unnecessarily and would give the

Debtors a 'second bite at the apple'" if this Court were to retain this case.  Def. Mot. to Remand

at ¶ 6.

The § 548 claim depends on the claim of wrongful foreclosure.  To maintain the cause of

action under 11 U.S.C. § 548, Debtors must be able to show that they did not receive "reasonably

equivalent value" for the transfer of the property.   11. U.S.C. § 548(a)(1)(B)(i).  As set forth

above, "reasonably equivalent value" is presumptively established as "the price in fact received

at the foreclosure sale, so long as all the requirements of the state's foreclosure law have been

complied with."   *BFP*, 511 U.S. at 545.   Therefore, Debtors must be able to prevail on a

wrongful foreclosure action under state law to likewise prevail on a fraudulent transfer claim. The determination of wrongful foreclosure will be influenced by the question of whether this property is Debtors' homestead.  Homestead determinations are based on state law.  *See* 11 U.S.C. § 522(b) (allows debtors to claim exemptions used under state law); TEX. CONST. art. XVI § 50 (Vernon 2005); TEX. PROP CODE. ANN. § 41.001(a) (Vernon 2007).

The § 547 claim, however, is not necessarily based in state law.  Debtors must show that Defendant received more due to the transfer than they would have received if this was a case under Chapter 7 and if the transfer had not been made.  11 U.S.C. § 547(b)(5)(A) and (B).  Some Courts have applied the logic of *BFP* and found that if the price established at the foreclosure sale is "reasonably equivalent value", then the creditor would not receive more under a chapter 7. *In re FIBSA Forwarding, Inc.*, 244 B.R.94, 96 (S.D. Tex. 1999) ("the creditor received reasonably equivalent value at the foreclosure sale and that is what the creditor could expect in a Chapter 7.")[2]  If the Court accepts this principle, then the § 547 claim would also depend on a finding of wrongful foreclosure.  The facts of this case, however, are different than the facts in *FIBSA*.  Indeed, in *FISBA*, it had already been determined that the foreclosure sale complied with state law.  The Court also notes that the reasoning of *FIBSA* has been rejected by several courts. *See e.g. In re Andrews*, 262 B.R. 299 (Bankr. M.D. Pa. 2001) (disagreeing with *FIBSA* and finding that a "prepetition bankruptcy foreclosure sale can be avoided under the dictates of 11

---

[2]  In evaluating whether § 547 could be invoked to avoid a foreclosure sale as a preference, Judge Ellison, writing for the Southern District on Texas, stated

> The Supreme Court's decision in *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) speaks to the second issue that divides the parties. The Court there held that a foreclosure sale conducted in accordance with applicable state law-as was the foreclosure sale in this case-would be presumed to be "reasonably equivalent value" under § 548. If the price received at a foreclosure is reasonably equivalent to the value of the property sold, then parity of reasoning would suggest that such a foreclosure sale would not have the effect of "enabl[ing] such creditor to receive more than such creditor would receive" in a chapter 7. 11 U.S.C. § 547(b)(5).

*In re FIBSA Forwarding, Inc.*, 244 B.R. 94, 96 (S.D. Tex. 1999)

U.S.C. § 547 when the secured claim of the foreclosing property is substantially less than the fair market value of the property.") (see cases cited therein)).  Accordingly, the Court finds that the applicability of *BFP* to a § 547 claim, in these circumstances, is not settled law.

Pursuant to the above analysis, the Court finds that factors 4, 5 and 7 weigh in favor of remand.  For factor 7, the Court finds that although the forms of the claims are brought under §§ 547 and 548, the substance of this complaint is based in wrongful foreclosure.  Accordingly, wrongful foreclosure, being dictated by state law, tilts factor 7 in favor of remand.  The Court also finds that the presence of a related proceeding, factor 4, weighs slightly in favor of remand. The temporary injunction hearing had progressed and the State Court was prepared to rule.  The fact that there is no other jurisdiction basis for federal jurisdiction than § 1334 also weighs in favor of remand.

The Court finds that factors 1, 2, 3, 6, and 12, weigh against remand.  For factors 1 and 6, the resolution of the wrongful foreclosure claim is highly related to the main bankruptcy case. Debtors have asserted that Greg's Ballroom is not only their business, but also their homestead. The Court finds that factors 2 and 3, difficult or unsettled nature of applicable law and the extent to which state law issues predominate over bankruptcy issues, weigh in favor of the Court retaining this case.  The state law issue of wrongful foreclosure will initially dominate over the bankruptcy issues attendant the § 548 claim.  However, the § 547 claim may require considerations of the applicability of the *BFP* analysis to § 547 and may or may not depend on wrongful foreclosure.  The applicability of *BFP* to § 547 could become quite complex.

The Court finds that factor 12 weighs slightly in favor of maintaining the case:  other than Defendant, there is no involvement of non-debtor parties.

The Court finds the remaining factors to be neutral: the Bankruptcy Court's docket is not overly-burdened, the parties have not requested a jury trial, there is little comity consideration if this Court were to maintain the claim, there is little prejudice to the Defendant if this were not remanded, and the Court does not find that the parties have participated in forum shopping. Finally, the Court finds that because these claims are all interrelated and based on the same events, the claims should not be severed.

### *Conclusion*

In consideration of the foregoing, the Court finds the factors for discretionary abstention weigh in favor of this Court retaining the case. Although this case is replete with state law issues, the Court finds the potential Title 11 considerations outweigh related state law issues. The Court, therefore, denies Defendant's motion to remand.

SIGNED <u>March 14, 2008.</u>

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE