

ENTERED
08/24/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: <br> GREGORIO B VILLARREAL; dba <br> GREG'S BALLROOM; aka <br> VILLARREAL, *et al*, <br>     Debtor(s). | § § § § § § § | Case No. 08-70002 <br><br> Chapter 13 |
| GREGORIO B VILLARREAL; aka <br> VILLARREAL; dba GREG'S <br> BALLROOM, *et al*, <br>     Plaintiff(s) | § § § § § | |
| VS. | § § | Adversary No. 08-7001 |
| DAVID W SHOWALTER, *et al*, <br>     Defendant(s). | § § § | Judge Isgur |

## MEMORANDUM OPINION

    This Memorandum Opinion is issued in support of the Court's Certification for Direct Appeal issued on this date.

### Procedural Issues

    Following trial, this Court issued its Judgment and Memorandum Opinion on August 5, 2009. A timely notice of appeal was filed by the Defendant on August 12, 2009 (docket #101). A timely notice of cross appeal was filed by the Plaintiff on August 21, 2009 (docket #104).

    The appeal has not yet been docketed under Fed. R. Bankr. P. 8007(b).

    Certifications for Direct Appeal are governed by 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8001(f).

    No request for certification has been filed by the parties. Accordingly, this certification is issued pursuant to 28 U.S.C. § 158(d)(2)(B)(i) and Fed. R. Bankr. P. 8001(f)(4).

## Standards for Certification

28 U.S.C. § 158(d)(2)(A) lists three disjunctive standards regarding direct appeals. Only the first is relevant here. That provision provides for a direct appeal if—

> The judgment . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States . . . .

28 U.S.C. § 158(d)(2)(A)(i).

This Court's judgment was based on its Memorandum Opinion in which the Court applied 11 U.S.C. § 547 to a transfer of property that was sold at a regularly conducted state law foreclosure sale. The transfer enabled the foreclosing creditor to receive in excess of $3,000,000 in value for its $100,000 claim. The Court held that the transfer was an avoidable preference under § 547.

There is no controlling decision of the Fifth Circuit Court of Appeals or of the United States Supreme Court.

This Court determined that *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 114 S. Ct. 1757, 128 L. Ed. 2d 556 (1994) did not apply to avoidance claims brought under § 547 of the Bankruptcy Code. In *BFP*, the Supreme Court held that the final bid price received at a non-collusive foreclosure sale conducted in accordance with the applicable state law was, as a matter of law, "reasonably equivalent value" under § 548. *Id.* at 545. This Court relied upon the Fifth Circuit's analysis in *Stone*—which extended *BFP* to actions under § 549—in declining to extend *BFP* to actions under § 547. *See In re T.F. Stone Co. v. Harper*, 72 F.3d 466 (5th Cir. 1995). In *Stone*, the Fifth Circuit compared § 548 and § 549 to determine the meaning of "present fair equivalent value" in § 549, within the context of a tax foreclosure sale. The court found no meaningful difference between "present fair equivalent value" in § 549(c) and "reasonably equivalent value" in § 548, as applied in the context of a forced-sale case. *Id.* at 470. The Fifth Circuit did not automatically determine that *BFP's* analysis would apply to every avoidance action under the Bankruptcy Code. Instead, it compared the structure and language of § 549 to that of § 548. This Court followed the Fifth Circuit in determining whether the structure, language, and logic of § 547 is similarly comparable. As set forth in this Court's Memorandum Opinion, this Court concluded that § 547 does not have the same or similar language as either § 547 or § 549. Instead, the plain language of § 547 compelled a different result.

The Court notes that a cross-appeal has been filed. The cross-appeal is only relevant if this Court's decision is reversed. The cross-appeal does not raise a significant legal issue but apparently questions whether the Court properly interpreted the underlying facts.

## Conclusion

Because this Court's judgment reaches a decision on a bankruptcy issue not previously decided by this Circuit or by the Supreme Court, this Court certifies this matter for a direct appeal to the United States Court of Appeals for the Fifth Circuit.

SIGNED **August 24, 2009.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE